IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BILLY BURRIS**                                                                                                **PLAINTIFF**

v.                                  CASE NO. 5:07-CV-087 BSM

**QUORUM COURT OF LINCOLN COUNTY,
ARKANSAS; THE INDIVIDUAL MEMBERS OF
THE QUORUM COURT OF LINCOLN COUNTY,
ARKANSAS, in their official capacities only; LARRY
MCGEE, the Sheriff of Lincoln County, Arkansas, in both
in his official and individual capacities; JASON CASE,
Deputy Sheriff of Lincoln County, Arkansas, in both his
official and individual capacities; BENJAMIN REEVES,
Deputy Sheriff of Lincoln County, Arkansas, in both his
official and individual capacities; and KEVIN GOFORTH,
Deputy Sheriff of Lincoln County, Arkansas, in both his
official and individual capacities**                                                                      **DEFENDANTS**

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Presently before the court is defendants' motion for summary judgment. Because plaintiff failed to respond to the motion,[1] the facts as set forth by the defendant are deemed admitted.[2]

### I. UNDISPUTED FACTS

On May 1, 2005, plaintiff was arrested by Lincoln County Deputy Sheriff Jason Case for terroristic threatening based upon allegations that plaintiff had made threats against Steven Wrinkle, a neighbor, and that plaintiff fired shots from a weapon around that same time. At the time, plaintiff had an odor of intoxicants on his person. Deputy Case made the decision to arrest

---

[1] Plaintiff's response was due August 25, 2008. To date, plaintiff has failed to file a response.

[2] Local Rule 56.1(c) ("All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b).").

plaintiff after conducting a thorough investigation at the scene. That same day, plaintiff posted a cash bond of $440.00 and was released subject to a future court appearance on June 22, 2005.

On May 3, 2005, plaintiff pled guilty to the terroristic threatening charge at the Lincoln County District Court Clerk's Office with the understanding that his cash bond would be forfeited to pay his fines and costs. Plaintiff was further advised that he did not need to come to court at the scheduled court date.

Also on May 3, 2005, the complainant, Steven Wrinkle, contacted the prosecuting attorney's office to swear out a warrant of arrest for the incident that occurred on May 1, 2005. As a result of the affidavit signed by Mr. Wrinkle, a warrant of arrest was issued for the plaintiff on May 5, 2005, for the charge of terroristic threatening.

On June 15, 2005, the warrant of arrest for plaintiff was delivered to Deputy Case for purposes of service. The warrant was signed by District Court Judge Vic Harper. Upon contacting plaintiff, plaintiff advised Deputy Case that the warrant was for the incident that Deputy Case had previously arrested him on and that he had already pled guilty to the charge and paid the fine. Deputy Case advised plaintiff that he would check out his allegations once they reached the jail, but that he was required to take him into custody because he had a valid warrant of arrest.

At the Sheriff's Department, Deputy Case contacted his supervisor, Chief Deputy Mike Brockman, and advised him of the situation. Plaintiff was booked into the jail at 19:46 hours. At 20:00 hours, Chief Deputy Brockman agreed to release plaintiff without bond on his own recognizance after investigation of the matter by Deputy Case.

Prior to May 1, 2005, defendants Case, Reeves, and Goforth had been certified by the Arkansas Law Enforcement Training Academy and were sufficiently trained for basic police activity. Defendant Larry McGee had no involvement, direct participation, or any knowledge of the actions complained of in plaintiff's complaint until such time as those actions had been concluded.

At all relevant times, Lincoln County, Arkansas had a policy in effect that only authorized the physical detention of persons for alleged criminal conduct in the event a law enforcement officer had probable cause to believe that that individual had in fact engaged in illegal activity and was being arrested pursuant to a facially valid warrant.

In his complaint, plaintiff asserts that defendants violated his rights to liberty, due process, and equal protection under 42 U.S.C. § 1983. Plaintiff also asserts pendent state law causes of action for harassment, assault, false imprisonment, and malicious prosecution.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323 (1986).  However, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim.  *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. Rule 56(e).  The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial.  *Celotex Corp.*, 477 U.S. at 322.

### III.  DISCUSSION

Defendants assert that they are entitled to summary judgment because they engaged in no conduct resulting in the violation of plaintiff's constitutional rights.  Defendants also assert that they are entitled to qualified immunity.

**A.     Individual Capacity Claims**

Section 1983 provides a cause of action against government officials who deprive persons of "rights, privileges, or immunities secured by the Constitution."  *Nelson*, 533 F.3d at 961 (citing 42 U.S.C. § 1983).  "Government officials are entitled to a dismissal 'if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Id.* at 961-62 (citing *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 526 (8th Cir.2007)).

"In addressing an officer's claimed entitlement to qualified immunity, the court must first determine whether the allegations amount to a constitutional violation, and then, whether that right was clearly established." *Id*. at 962. "Qualified immunity is not just a defense to liability, it constitutes immunity from suit." *Id*. "If the allegations and undisputed facts do not amount to a constitutional violation, 'there is no necessity for further inquiries concerning qualified immunity.'" *Id*. (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).

Qualified immunity is a question of law for the court. *Robinette v. Jones*, 476 F.3d 585, 591 (8th Cir. 2007). "Whether an official is entitled to qualified immunity depends upon the objective legal reasonableness of the official's actions assessed in light of the legal rules that were clearly established at the time of the actions in question." *Id*. (citing *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)) (internal quotation marks omitted). Qualified immunity shields defendants "[f]rom liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Marley v. Crawford County, Arkansas*, 383 F. Supp. 2d 1129, 1131-32 (W.D. Ark. 2005) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

"To withstand a motion for summary judgment on qualified immunity grounds, a civil rights plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated [the] plaintiff's clearly established right." *Goff v. Bise*, 173 F.3d 1068, 1072 (8th Cir. 1999).

"An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer." *Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988). *See also Robinette*, 476 F.3d at 592-93 (holding that officers were entitled to qualified immunity for the 1:00 a.m. arrest of plaintiff because the warrant was valid on its face, it would not be clear to a reasonable officer that his conduct was unlawful in the situation, and the constitutional right is not clearly established). Here, the warrant to arrest plaintiff, dated June 15, 2005, was valid on its face.[3] Furthermore, plaintiff was released within twenty minutes of being booked at the jail. The court finds that each of the defendants sued in their individual capacities are entitled to qualified immunity.[4]

Additionally, "a supervisor may be held individually liable under § 1983 if he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). This test requires a plaintiff to prove that the supervising official was "deliberately indifferent to or tacitly authorized the offending acts." *Id*. at 1078. In order to demonstrate "deliberate indifference," the plaintiff must show "the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Id*.

---

[3] Exhibit F, Defendants' Statement of Facts.

[4] The court notes that plaintiff has made unsubstantiated arguments that his arrest was motivated by malice or bad faith. Apart from the plaintiff's failure to produce any evidence supporting this claim, the Supreme Court revoked the subjective component of qualified immunity in *Harlow v. Fitzgerald,* 457 U.S. 800, 817-18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *See Robinette v. Jones*, 476 F.3d 585, 592 n.7 (8th Cir. 2007).

Here, plaintiff has failed to dispute defendant McGee's statement that he had no involvement, direct participation, or any knowledge of the actions complained of in plaintiff's complaint until such time as those actions had been concluded.[5]  Plaintiff has also failed to dispute that at the time of the incident, defendants, Case, Reeves, and Goforth, had been certified by the Arkansas Law Enforcement Training Academy and were sufficiently trained for basic police activity.  Summary judgment is appropriate as to defendant McGee.

### B. Official Capacity Claims

Plaintiff's claims against the Quorum Court of Lincoln County, Arkansas, the individual members of the Quorum Court of Lincoln County, Arkansas in their official capacities, and defendants, McGee, Case, Reeves, and Goforth, in their official capacities are essentially claims against Lincoln County.  *See Liebe v. Norton,* 157 F.3d 574, 578-79 (8th Cir. 1998); *Marley v. Crawford County, Arkansas*, 383 F. Supp. 2d 1129, 1132 (W.D. Ark. 2005).  In order to hold Lincoln County liable under section 1983, a plaintiff must establish that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the county's officers]," or that a "constitutional deprivation [was] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 204 (8th Cir. 1984) (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690, 98 S. Ct. 2018, 2035, 56 L. Ed. 2d 611 (1978)).

In his complaint, plaintiff states:

---

[5] Exhibit 1, Affidavit of Larry McGee, Defendant's Motion for Summary Judgment.

> "[D]efendants maintain such policies and practices in the Lincoln County Sheriff's Office as encourage and countenance the arbitrary and capricious conduct of its officers and do not insure due process or accountability in the handling of criminal matters within their jurisdiction. . . . [T]he defendants have previously, arbitrarily and wrongly identified certain citizens of Lincoln County, including particularly the plaintiff herein, as 'troublemakers' who are entitled to and do receive different, resentful, disrespectful and abusive treatment as citizens in the community, unlike that afforded other, favored residents therein, and the plaintiff's unlawful arrest, assault and false imprisonment herein were the direct result of the defendants' longstanding bias and malice towards him.

Plaintiff provides no support for this allegation.

As noted above, Plaintiff has failed to dispute that Lincoln County's policy authorized the physical detention of persons for alleged criminal conduct only in the event that a law enforcement officer had probable cause to believe that that individual had in fact engaged in illegal activity and was being arrested pursuant to a facially valid warrant. Moreover, it is undisputed that the warrant to arrest plaintiff was valid on its face, and plaintiff was released within twenty minutes of being booked at the jail. *See Fair*, 844 F.2d at 569 ("An arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer.").

The Court finds that summary judgment is proper as to plaintiff's claims against Lincoln County, Arkansas, which includes plaintiff's claims against the Quorum Court of Lincoln County, Arkansas, the individual members of the Quorum Court of Lincoln County, Arkansas in their official capacities, and defendants McGee, Case, Reeves, and Goforth in their official capacities.[6]

---

[6] To the extent that plaintiff's complaint alleges malicious prosecution as a basis for liability under 42 U.S.C. § 1983, "[i]t is well established in this circuit that an action for malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Pace v. City of Des Moines*, 201 F.3d 1050, 1055 (8th Cir. 2000).

### C.     Pendent State Claims

Because the court concludes that summary judgment is appropriate as to plaintiff's federal claims, the pendent state claims are dismissed without prejudice to avoid needless decisions of state law.  *See Ivy v. Kimbrough*, 115 F.3d 550, 552-53 (8th Cir. 1997) ("In most cases, when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid '[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties.'").

Accordingly, defendant's motion for summary judgment (Doc. No. 13) is granted. Plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED THIS 27th day of August, 2008.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE