**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BILLY BURRIS**                                                                                           **PLAINTIFF**

v.                          **CASE NO. 5:07-CV-087 BSM**

**QUORUM COURT OF LINCOLN COUNTY,
ARKANSAS; THE INDIVIDUAL MEMBERS OF
THE QUORUM COURT OF LINCOLN COUNTY,
ARKANSAS, in their official capacities only; LARRY
MCGEE, the Sheriff of Lincoln County, Arkansas, in both
in his official and individual capacities; JASON CASE,
Deputy Sheriff of Lincoln County, Arkansas, in both his
official and individual capacities; BENJAMIN REEVES,
Deputy Sheriff of Lincoln County, Arkansas, in both his
official and individual capacities; and KEVIN GOFORTH,
Deputy Sheriff of Lincoln County, Arkansas, in both his
official and individual capacities**                                               **DEFENDANTS**

**ORDER ON MOTION FOR RECONSIDERATION**

Presently before the court is plaintiff's motion for reconsideration of the order granting defendants' motion for summary judgment.

On August 11, 2008, defendants filed their motion for summary judgment, brief in support, and statement of facts. Plaintiff's response was due on August 25, 2008. Plaintiff failed to timely respond. The trial of this case was set for the week of September 8, 2008.

On August 27, 2008, this court entered an order granting defendants' motion for summary judgment. Therein, the court noted that because plaintiff failed to respond to the motion, the facts as set forth by the defendant were deemed admitted pursuant to Local Rule 56.1. On September 8, 2008, twelve days after entry of the court's order and judgment, and fourteen days after the due date for plaintiff's response, plaintiff filed a one-page response

to defendants' motion for summary judgment and a statement of facts, despite the court's entry of judgment in the case. Although the response purports to attach an exhibit, no exhibit is attached.

On September 11, 2008, plaintiff filed the present motion. Therein, plaintiff acknowledges the court's right to enforce its pleading deadlines. Plaintiff, however, asserts that there was "never any intent to disregard the Court's rules or the plaintiff's obligations herein, but rather, a circumstance where counsel's trial obligations before various federal and state courts were so burdensome as to prevent the ability to properly schedule and file a timely motion for extension of time to respond to the motion for summary judgment herein." Plaintiff's counsel states that he was "inadvertently unaware that the time had already run on plaintiff's response."

In his motion, plaintiff asserts, *inter alia*, that the defendants are not entitled to qualified immunity because the warrant was not facially valid because the affidavit for warrant of arrest and attachment to affidavit accompanying the warrant do not adequately support the issuance of the warrant of arrest.

> In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination or his judgment that the form of the warrant is technically sufficient. "[O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law." . . . [T]he officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable.

*United States v. Leon*, 468 U.S. 897, 921, 104 S. Ct., 3405, 3419, 82 L.Ed.2d 677 (1984). *See also Mendenhall v. Riser*, 213 F.3d 226, 232 (5th Cir. 2000) ("While a valid arrest

warrant would normally insulate officers against a claim for false arrest, in a case such as this one before us where the officers charged with false arrest were responsible for securing the warrant, we are required to test the validity of that warrant, applying the usual standards."); *Stigall v. Madden*, 26 F.3d 867, 869 (8th Cir. 1994) ("The warrant itself . . .shields [an officer] from liability for executing it, unless a reasonably well-trained officer would have known that the arrest was illegal despite the magistrate's authorization.").

The court notes that defendants have failed to oppose this motion.  After review of the warrant and accompanying documentation, and plaintiff's arguments, it appears that there may be outstanding questions of law and fact as to the facial validity of the warrant.  Additionally, although the court questions whether plaintiff can survive summary judgment, the court prefers to consider the case on the merits.  Although the court in no way condones the failure to timely comply with the court's scheduling order and the local rules, the court will grant plaintiff's motion for reconsideration.

Plaintiff is directed to submit his response to the motion for summary judgment in compliance with the Federal Rules of Civil Procedure and Local Rules 7.2 and 56.1, on or before October 6, 2008.  Therein, plaintiff is directed to explicitly set forth each claim raised in his complaint.  Additionally, on or before October 6, 2008, plaintiff is directed to submit a response to defendants' statement of facts (Doc. No. 15), in the following format:

> In opposing a motion for summary judgment, the non-moving party shall format his or her statement of disputed (and undisputed) material facts pursuant to Local Rule 56.1.  The non-moving/opposing party shall respond paragraph by paragraph to the statement of undisputed material facts submitted

by the moving party. The responsive portion of the non-moving opposing party's statement shall repeat the statement verbatim as set forth in the moving party's statement and respond to it by admitting the statement or pointing out that portion of the statement, if any, he or she disputes. The non-moving/opposing party will state with particularity that portion of the allegation denied, citing to any evidentiary support for the denial. For example:

Moving Party:  1.  Plaintiff began working for Defendant Employer on March 1, 2008.
Response:  1.  Plaintiff admits that Plaintiff began working for Defendant Employer on March 1, 2008.

The court will allow defendants to submit a reply brief addressing the arguments set forth in plaintiff's submissions on or before October 14, 2008. After consideration of the motion for summary judgment, if necessary, the court will schedule this case for trial.

Accordingly, plaintiff's motion for reconsideration (Doc. No. 21) is granted. The order granting summary judgment (Doc. No. 17), and judgment (18) are hereby vacated.

IT IS SO ORDERED THIS 29th day of September, 2008.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE